UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ERVIN RUSSELL SIMS

      Plaintiff,      Case No. 1:11-cv-92

v.               Honorable Janet T. Neff

PATRICIA CARUSO et al.,

      Defendants.
               /

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

    Plaintiff Ervin Russell Sims, a prisoner currently incarcerated at the G. Robert Cotton Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

    The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998 (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. More than three of Plaintiff's lawsuits have been dismissed as frivolous or for failure to state a claim. *See Sims-El v. MDOC et al.*, No. 5:00-cv-11 (W.D. Mich. Mar. 31, 2000); *Sims-El v. Westfield Ins. Co.*, No. 1:90-cv-780 (W.D. Mich. May 11, 1992); *Sims v. Johnston*, 2:88-cv-74332 (E.D. Mich. Nov. 7, 1988); *Sims v. Goodlow*, No. 4:88-cv-40396 (E.D. Mich. Nov. 10, 1988). Although three of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. In order to constitute imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). In his complaint, Plaintiff claims that two-thirds of his stomach was removed in 1996. As a result, he is required to eat six small meals per day. Sometime later, Plaintiff was restricted from eating pork, milk and peanut products due to allergies and acid reflux. Plaintiff had a diet detail that allowed him to make educated selections from both the regular and diet food lines. In 2009, while he was incarcerated at the Michigan Reformatory, Plaintiff's access to the diet line was revoked. It appears that his diet detail was revoked because he ordered food from the prison store that contained pork, milk or peanut products. As a result, Plaintiff now may eat only from the regular food line. Plaintiff claims that he is "suffering loss of weight" and has to take massive doses of vitamin B-12. Plaintiff, however, does not allege that he is unable to get six smalls meals per day from the regular food line that

provide him with proper nutrition. Nor does Plaintiff claim that he has suffered any allergic reactions or other medical problems from the food on the regular diet line. The fact that Plaintiff has lost some weight, standing alone, falls short of establishing serious physical injury. *See, e.g., Hernandez v. Ventura County*, No. CV-09-7838 GHK (jc), 2010 WL 3603491 (C.D. Cal. July 27, 2010) (claim that food practices at jail caused inmate to lose a significant amount of weight was insufficient to demonstrate "serious physical injury" under § 1915(g) where the inmate did not allege that such practices caused or threaten to cause him to go hungry, to suffer malnutrition, or to suffer any negative health consequences); *Sayre v. Waid*, No. 1:08 cv 142, 2009 WL 249982, at *3 (N.D. W.Va. Feb.2, 2009) (claim that food provided by prison caused inmate to lose 30 pounds insufficient to demonstrate "serious physical injury" under § 1915(g): "[W]eight loss, in and of itself, is not indicative of a serious physical injury [for purposes of section 1915(g)]."). Moreover, Plaintiff does not allege that he is being deprived of vitamin B-12 or that his need for vitamin B-12 was caused by the revocation of his special diet detail. Because Plaintiff fails to allege facts showing that he is in real and proximate danger of serious physical injury, he cannot successfully invoke the exception.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated: __February 18, 2011__   /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**